J. S. FARRENS ET AL., APPELLEES, v. FARMERS STATE BANK OF DECATUR ET AL., APPELLANTS.

FILED MAY 19, 1917. No. 19985.

1. **Banks and Banking: "DEPOSITOR."** A "depositor" is one who delivers to or leaves with a bank money subject to his order, either upon time deposit or subject to check.

2. ———: DEPOSIT BY DIRECTOR. As the statute governing banks and banking stood prior to the enactment of House Roll No. 201, by the thirty-fifth session of the Nebraska legislature, a director of a state bank, as regards a deposit made by him in the bank of which he was a director, stood in the same position as any other depositor.

APPEAL from the district court for Burt county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Willis E. Reed, Attorney General,* and *Dexter T. Barrett,* for appellants.

*Stout, Rose & Wells* and *James A. Clark, contra.*

MORRISSEY, C. J.

In May, 1916, at the suit of the state banking board, the affairs of the Farmers State Bank of Decatur were placed in the hands of a receiver. Subsequently this plaintiff and three others each filed in due form his claim with the receiver for the sum of $7,500, and asked that the same be treated as a deposit and allowed as a preferred claim, and, when so allowed, that it be paid out of the assets of the bank or the depositors' guaranty fund. Each claim is evidenced by a certificate of deposit in the usual form, dated April 1, 1916, issued by the Farmers State Bank of Decatur. Each certificate was made payable three months after its date, drew interest at 5 per cent., and stated upon its face that it was protected by the depositors' guaranty fund of the state of Nebraska. To these claims the attorney general filed objections, alleging that claimants were directors of the Farmers State Bank at the time the certificates were issued; that the money was deposited with the Security State Bank of South Omaha to pay an indebtedness of the Farmers State Bank of Decatur, which was not secured by the depositors' guaranty fund, and that the total assets of the Farmers State Bank of Decatur, including the liability of the stockholders, were insufficient to pay the amount owed by the bank to its depositors.

After a full hearing, the district court overruled the objections and allowed the claims. The principal point now urged in the brief of the attorney general is: These certificates do not represent money placed with the bank as a deposit, but represent merely a loan to the bank. It is admitted that the bank got the benefit of the money. If it was placed in the bank as a deposit it is protected by the depositors' guaranty fund, while if it was merely a loan to the bank it is not so protected. We are asked by the appellees to affirm the judgment because the assignment of error differs from the issue tendered in the lower court,

but as this case was tried to the court without a jury, and is a matter of public importance, and all parties understood throughout the trial the main purpose of the protest and objection, and all of the facts necessary for a determination of the case on the issue tendered in the protest or in the assignment of error in the record, we prefer to dispose of the question on its merits rather than on the procedure.

The evidence shows that prior to the issuance of these certificates each claimant was a director of the Farmers State Bank of Decatur; that the bank was in need of money; that it borrowed from the Security State Bank of South Omaha $16,000, and pledged as collateral security notes of the face value of $22,000, and of the admitted value of $20,000. Claimants, who were not experienced bankers or business men, each borrowed from the Security State Bank $7,500, then deposited this amount with the Farmers State Bank of Decatur, and took as evidence thereof the certificates heretofore mentioned. The Decatur bank then paid off its indebtedness to the Security State Bank and redeemed the paper that had been put up as collateral security. The Decatur bank got the full value for each certificate. Had the money been deposited by some party not an officer or director of the bank, there would be no question as to his right to be listed as a depositor. The attorney general argues that these parties were merely making a loan to the bank, and that the relation of creditor and debtor exists. In a certain sense this is true. In *State v. Corning State Savings Bank,* 136 Ia. 79, a depositor was defined to be: "One who delivers to or leaves with a bank money subject to his order. These may be either time deposits or open ones subject to check." These certificates are in the usual form. The transaction was such on its face as occurs every day in the banking business. If claimants are to be denied the rights of a depositor, it must be solely because they were directors of the bank.

As the statute stood at the time of the transaction, an officer was not forbidden to become a depositor or denied

any privilege accorded to others doing business with the bank. The legislature not having denied this privilege, the court cannot. The legislature which has just adjourned has enacted a statute to meet such situations. House Roll No. 201, approved April 19, 1917. The fact that it took such action may be regarded as a legislative construction of the statute, and we may assume that when our bank act was originally passed it was not intended to exclude directors from the benefits of the act. If so, claimants fall within its protection. Again, it may be pointed out that the equities of the case are with the claimants. The bank got the benefit of their money; with their money it redeemed its collateral security, which was worth considerably more than the amount for which it was pledged. Not only the bank but the depositors' guaranty fund received the benefit of their money, and claimants are still liable for the penalty as stockholders. Indeed, the judgment of the district court directed the receiver to withhold the amount for which they are liable as stockholders. Thus all parties are amply protected and justice is done.

The judgment of the district court is

AFFIRMED.

Rose, J., not sitting.